REQUESTED BY: Robert G. Simmons, Jr., Banner County Attorney
Neb.Rev.Stat. § 42-358(2) (Reissue 1988) requires the Clerk of the District Court to maintain delinquency records and each month certify all cases in which the court ordered child support or spouse support is delinquent. Is there any way to get a name off the delinquent list once it gets on without the total amount being paid?
The only way the delinquency could be removed would be an order from the court removing said delinquency.
DISCUSSION: Your request concerns two situations: (1) where removal of delinquency records indicate that a divorced mother and father were both certified as delinquent because by court order each parent was to pay while the other parent had custody; and, (2) where the court ordered that payments terminate on January 1, 1984, with an amount still owing the State and the whereabouts of the obligor are unknown.
Neb.Rev.Stat. § 42-358(2) (Reissue 1988) states that the Clerks of the District Courts shall maintain delinquency records in each case docketed in which child support is fixed by order of the court. Each month the Clerk shall certify all cases in which the court ordered child support or spousal support is delinquent in an amount equal to the support due and payable for one month period of time to the judge presiding over domestic relation cases and to the county attorney or authorized attorney.
A review of this statute indicates that there is a mandatory theme throughout. Further, it should be noted in Neb.Rev.Stat. § 42-358(2) (Reissue 1988) that in each case certified income withholding shall be implemented pursuant to the Income Withholding for Child Support Act. It also states that the contempt proceedings shall be instituted within ten days following appointment (of an authorized attorney), and the case will diligently be prosecuted to completion.
Read in context, the conclusion is that the only way that an obligor can keep from being on the list is to be current in all his/her payments, including arrearages, or, in the alternative, go back into court through a motion requesting the court make the necessary adjustments as to amount of payment or dates of payment. It would be up to the district court to make such an order in the case of the husband and wife who have split custody.
In regard to the second situation where the court ordered that payments terminate on January 1, 1984, with an amount still owing and the whereabouts of the obligor unknown, it would appear that the individual's name would remain on the delinquency list indefinitely.
Sincerely,
DON STENBERG Attorney General
Royce N. Harper Senior Assistant Attorney General
APPROVED BY:
______________________________ Don Stenberg Attorney General